Presentment Date and Time: July 5, 2022 at 10:00 a.m. (Eastern Time)
Objection Deadline: June 28, 2022 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objection Filed): To Be Determined

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | COOLEY LLP |
| 767 Fifth Avenue | 55 Hudson Yards |
| New York, New York 10153 | New York, New York 10001 |
| Telephone: (212) 310-8000 | Telephone: (212) 479-6000 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 479-6275 |
| Gary T. Holtzer | Cathy Hershcopf |
| Sunny Singh | Paul J. Springer |
| *Attorneys for Reorganized Debtors* | *Attorneys for Litigation Trustee* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **FUSION TELECOM, LLC**[1] | : | **Case No. 19-11824 (DSJ)** |
| | : | |
| **Reorganized Debtor.** | : | |
| | : | |

## NOTICE OF PRESENTMENT OF
## FIFTH JOINT MOTION OF REORGANIZED DEBTORS
## AND LITIGATION TRUSTEE FOR ENTRY OF AN ORDER EXTENDING
## DEADLINE UNDER PLAN OF REORGANIZATION TO OBJECT TO CLAIMS

**PLEASE TAKE NOTICE** that Fusion Connect, Inc. and its reorganized debtor subsidiaries (collectively, the "**Reorganized Debtors**") and the litigation trustee appointed

---

[1] The last four digits of the Reorganized Debtor's federal tax identification number is (0894). The Reorganized Debtor's corporate headquarters and service address is 210 Interstate North Parkway, Suite 200, Atlanta, Georgia 30339. The chapter 11 cases of the Reorganized Debtor and its following affiliates were closed effective as of June 25, 2021: Fusion Connect, Inc. (2021); Fusion BCHI Acquisition LLC (7402); Fusion NBS Acquisition Corp. (4332); Fusion LLC (0994); Fusion MPHC Holding Corporation (3066); Fusion MPHC Group, Inc. (1529); Fusion Cloud Company LLC (5568); Fusion Cloud Services, LLC (3012); Fusion CB Holdings, Inc. (6526); Fusion Communications, LLC (8337); Fusion Texas Holdings, Inc. (2636); Fusion Telecom of Kansas, LLC (0075); Fusion Telecom of Oklahoma, LLC (3260); Fusion Telecom of Missouri, LLC (5329); Fusion Telecom of Texas Ltd., L.L.P. (8531); Bircan Holdings, LLC (2819); and Fusion Management Services LLC (5597). The chapter 11 case of Fusion PM Holdings, Inc. was closed effective June 8, 2022, and the chapter 11 case of the Reorganized Debtor was reopened effective June 8, 2022. Commencing on June 8, 2022, all motions, notices and other pleadings relating to any of the Reorganized Debtors shall be filed in Case No. 19-11824 (DSJ).

1

pursuant to the Plan (the "**Litigation Trustee**") will present the annexed motion (the "**Motion**")[2] for entry of an order pursuant section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") extending the deadlines established under the Plan for objecting to claims (the "**Claim Objection Deadline**"), substantially in the form attached to the Motion as **Exhibit A** (the "**Proposed Order**"), for signature to the Honorable David S. Jones, United States Bankruptcy Judge, at the United States District Court for the Southern District of New York, Courtroom 501, One Bowling Green, New York, New York 10004 (the "**Bankruptcy Court**") on **July 5, 2022 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules, shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Order Implementing Certain Notice and Case Management Procedures* (Case No. 19-11811, ECF No. 120) (the "**Case Management Order**"), so as to be filed and received no later than **June 28, 2022 at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion, the Confirmation Order, or the *Third Amended Joint Chapter 11 Plan of Fusion Connect, Inc. and Its Subsidiary Debtors* (the "**Plan**") (ECF No. 648), as applicable.

**PLEASE TAKE FURTHER NOTICE** that, if a written Objection is timely filed, a hearing will be held to consider the Motion on a date and time to be set by the Court.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has entered General Order M-543 in order to protect public health, and in recognition of the national emergency that was declared by the President of the United States on March 13, 2020, the Bankruptcy Court has ordered all hearings to be conducted telephonically. If you wish to appear at, or attend, the hearing, please refer to the Bankruptcy Judge's guidelines for telephonic appearances at www.nysb.uscourts.gov and make arrangement with Court Solutions LLC at (646) 760-4600 or https://court-solutions.com/.

**PLEASE TAKE FURTHER NOTICE** that, if an Objection to the Motion is not received by the Objection Deadline, the Court may enter the Proposed Order granting the relief sought without further notice.

Dated: June 21, 2022
     New York, New York

/s/ *Sunny Singh*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Sunny Singh

*Attorneys for Reorganized Debtors*

/s/ *Cathy Hershcopf*
COOLEY LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Cathy Hershcopf
Paul J. Springer

*Attorneys for Litigation Trustee*

Presentment Date and Time: July 5, 2022 at 10:00 a.m. (Eastern Time)
Objection Deadline: June 28, 2022 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objection Filed): To Be Determined

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Sunny Singh

*Attorneys for Reorganized Debtors*

COOLEY LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Cathy Hershcopf
Paul J. Springer

*Attorneys for Litigation Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | Chapter 11 |
| **FUSION TELECOM, LLC**[1] | Case No. 19-11824 (DSJ) |
| **Reorganized Debtor.** | |

# FIFTH JOINT MOTION OF
# REORGANIZED DEBTORS AND LITIGATION TRUSTEE
# FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE
# UNDER PLAN OF REORGANIZATION TO OBJECT TO CLAIMS

Fusion Connect, Inc. and its reorganized debtor subsidiaries (collectively, the "**Reorganized Debtors**") and the litigation trustee appointed pursuant to the Plan

---

[1] The last four digits of the Reorganized Debtor's federal tax identification number is (0894). The Reorganized Debtor's corporate headquarters and service address is 210 Interstate North Parkway, Suite 200, Atlanta, Georgia 30339. The chapter 11 cases of the Reorganized Debtor and its following affiliates were closed effective as of June 25, 2021: Fusion Connect, Inc. (2021); Fusion BCHI Acquisition LLC (7402); Fusion NBS Acquisition Corp. (4332); Fusion LLC (0994); Fusion MPHC Holding Corporation (3066); Fusion MPHC Group, Inc. (1529); Fusion Cloud Company LLC (5568); Fusion Cloud Services, LLC (3012); Fusion CB Holdings, Inc. (6526); Fusion Communications, LLC (8337); Fusion Texas Holdings, Inc. (2636); Fusion Telecom of Kansas, LLC (0075); Fusion Telecom of Oklahoma, LLC (3260); Fusion Telecom of Missouri, LLC (5329); Fusion Telecom of Texas Ltd., L.L.P. (8531); Bircan Holdings, LLC (2819); and Fusion Management Services LLC (5597). The chapter 11 case of Fusion PM Holdings, Inc. was closed effective June 8, 2022, and the chapter 11 case of the Reorganized Debtor was reopened effective June 8, 2022. Commencing on June 8, 2022, all motions, notices and other pleadings relating to any of the Reorganized Debtors shall be filed in Case No. 19-11824 (DSJ).

1

(the "**Litigation Trustee**"), respectfully represent as follows in support of this motion (the "**Motion**"):[2]

### Relief Requested

1. Pursuant to section 105(a) of the Bankruptcy Code and Rule 9006(b)(1) of the Bankruptcy Rules, the Reorganized Debtors and Litigation Trustee respectfully request a fifth extension of the deadline to object to proofs of claim filed in these chapter 11 cases (the "**Proofs of Claim**") by one-hundred eighty (180) days, through and including January 5, 2023, without prejudice to the ability of the aforementioned parties to request a further extension. A proposed form of order granting the requested relief is attached hereto as **Exhibit A**.

### Background

2. On June 3, 2019 (the "**Commencement Date**"), Fusion Connect, Inc. and certain of its subsidiaries (collectively, the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors operated their business and maintained their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4. On December 17, 2019, the Court entered the Confirmation Order. The Effective Date of the Plan occurred on January 14, 2020. *See Notice of (I) Entry of Order*

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Confirmation Order or the *Third Amended Joint Chapter 11 Plan of Fusion Connect, Inc. and Its Subsidiary Debtors* (the "**Plan**") (ECF No. 648), as applicable.

*Confirming Third Amended Joint Chapter 11 Plan of Fusion Connect, Inc. and Its Subsidiary Debtors and (II) Occurrence of Effective Date* (Case No. 19-11811, ECF No. 725).

5. The Litigation Trust was established pursuant to the Plan, the Confirmation Order, and the Litigation Trust Agreement, dated as of January 14, 2020 (the "**Litigation Trust Agreement**"), by and among the Debtors, Neal P. Goldman, in his capacity as Litigation Trustee and member of the Litigation Trust Oversight Committee, the Non-Trustee Oversight Committee Members (as defined in the Litigation Trust Agreement), Wilmington Savings Fund Society, FSB, as Delaware resident trustee, and the Creditors' Committee.

## Jurisdiction

6. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.), and Section 11.1(l) of the Plan, pursuant to which the Court retained jurisdiction to, among other things, take any action and issue such orders as may be necessary to construe, interpret, enforce, implement, execute, and consummate the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Overview of Claims Reconciliation Process

7. On July 16, 2019, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (Case No. 19-11811, ECF Nos. 191-228).

8. On July 16, 2019, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Case No. 19-11811, ECF No. 188) (the "**Bar Date Order**"). Pursuant to the Bar Date Order, the Court set August 27, 2019 at 5:00 p.m. (prevailing Eastern Time) as the deadline for each person or entity, not including

governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim in the Debtors' chapter 11 cases (the "**General Bar Date**").

9. In accordance with the Bar Date Order, Prime Clerk LLC, now known as Kroll Restructuring Administration ("**Kroll**"), the Debtors' court-appointed claims and noticing agent, mailed notice of the General Bar Date and proof of claim forms to, among others, all of the Debtors' creditors and other known parties in interest as of the Commencement Date (Case No. 19-11811, ECF No. 526). Notice of the General Bar Date was also published in the national editions of the *New York Times* and *USA Today*.

10. Pursuant to Section 7.2 of the Plan:

   i. The Reorganized Debtors have the authority to object to all claims, other than General Unsecured Claims;

   ii. The Litigation Trustee has the exclusive authority to object to all General Unsecured Claims.

11. The claims register, prepared and maintained by Kroll, shows that 1,701 Proofs of Claim were filed in these chapter 11 cases. The ongoing claims reconciliation process involves the collective effort of the Reorganized Debtors' employees and the Litigation Trustee, each with the assistance of their financial and legal advisors, including tax counsel and bankruptcy counsel (collectively, the "**Reviewing Parties**").

12. Many of the Proofs of Claim sought purported tax liabilities, and resolution of the tax claims against the Reorganized Debtors involves extensive coordination and negotiations between the Reviewing Parties and taxing authorities across numerous jurisdictions. Additionally, the COVID-19 pandemic and the attendant stay-at-home orders and other restrictions that were in effect slowed the ability of the Reviewing Parties and creditors to access and share relevant information with one another as they attempted to resolve the Proofs of Claim.

13. Regarding General Unsecured Claims, in order to make efficient use of Litigation Trust Proceeds, the Litigation Trustee needs to first implement and pursue its litigation strategy to pursue the Litigation Trust Causes of Action aimed at providing value to holders of General Unsecured Claims. The Litigation Trustee intends to focus his energy on generating value for holders of General Unsecured Claims before engaging in a comprehensive reconciliation of General Unsecured Claims that may otherwise prematurely deplete Litigation Trust Proceeds.

14. To date, the Reorganized Debtors and Litigation Trustee have filed 21 omnibus objections to amended and superseded, duplicative, satisfied, late-filed, and other claims (Case No. 19-11811, ECF Nos. 865, 867, 886, 887, 888, 889, 890, 891, 892, 893, 894, 895, 946, 947, 948, 949, and 951) (Case No. 19-11816, ECF Nos. 33, 34, 35, and 36), and the Reorganized Debtors have settled, satisfied, or otherwise resolved 901 claims.

15. The Plan required the Reorganized Debtors and Litigation Trustee to file objections to Proofs of Claim by July 13, 2020 (the "**Claim Objection Deadline**"). *See* Plan § 7.1.

16. The Court had previously entered four orders granting prior joint motions of the Reorganized Debtors and the Litigation Trustee for extension of the Claims Objection Deadline, which currently expires on July 9, 2022. *See* Case No. 19-11811, ECF Nos. 873, 938 & 1015; Case No. 19-11816, ECF No. 98.

17. Although the Reorganized Debtors have settled, satisfied, reconciled, or otherwise resolved 901 Proofs of Claim, the Reviewing Parties require additional time to effectively resolve, or file objections to the remaining 800 Proofs of Claim, including 9 secured, priority, and administrative claims, and 791 General Unsecured Claims.

## Relief Requested Should Be Granted

18. The Plan, Bankruptcy Code, and Bankruptcy Rules provide ample authority on which the Court may grant the relief requested herein. Additionally, the facts and circumstances of these chapter 11 cases demonstrate that cause exists to extend the Claim Objection Deadline.

19. First, pursuant to the Plan, "[a]ny objections to proofs of Claim shall be served and filed on or before the later of (a) one-hundred eighty (180) days after the Effective Date, and (b) *on such later date as may be fixed by the Bankruptcy Court . . . .*" Plan § 7.1. (emphasis added).

20. Second, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. *See Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) ("Section 105(a) grants broad equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy Code so long as that power is exercised within the confines of the Bankruptcy Code."); *see*, *e.g.*, *In re MF Global Holdings, Ltd.*, 464 B.R. 619, 623 (Bankr. S.D.N.Y. 2012) (recognizing the bankruptcy court's "inherent authority 'to control disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants'") (quoting *Lester–Krebs, Inc. v. Geffen Records, Inc.*, No. 85 Civ. 6320, 1985 WL 4270, at *2 (S.D.N.Y. Dec. 4, 1985)); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96-97 (2d Cir. 2012) (same).

21. Finally, Bankruptcy Rule 9006(b) provides that the Court "for cause shown may at any time in its discretion" extend a deadline "if the request therefor is made before the expiration of the period originally prescribed." FED. R. BANKR. P. 9006(b)(1).

22. Extensions of the time to object to claims are frequently granted in other chapter 11 cases in this District. *See, e.g.*, *In re SunEdison, Inc., et al.*, Case No. 1:16-BK-10992 (DSJ) (Bankr. S.D.N.Y. July 8, 2021) (ECF No. 6452) (extending deadline by 184 days); *In re Cenevo, Inc., et al.*, Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Aug. 26, 2019) (ECF No. 1167) (extending deadline by 181 days); *In re Motors Liquidation Company*, Case No. 1:09-BK-50026 (REG) (Bankr. S.D.N.Y. Mar. 18, 2014) (ECF No. 12610) (extending deadline by 180 days); *In re West End Financial Advisors LLC, et al.*, Case No. 11-11152 (SMB) (Bankr. S.D.N.Y. July 19, 2012) (ECF No. 403) (extending deadline by one year).

23. The Reorganized Debtors and Litigation Trustee respectfully submit that the proposed extension of the Claim Objection Deadline under the Plan is appropriate and reasonable. The Reorganized Debtors are currently in the midst of the claims reconciliation process. The Reorganized Debtors have made significant progress in reconciling secured, priority, and administrative expense claims, with only 9 such claims yet to be resolved. However, because many of the Proofs of Claim seek purported tax liabilities, the resolution of such claims requires extensive coordination and negotiations between the Reviewing Parties and taxing authorities across numerous jurisdictions.

24. Furthermore, certain of the remaining Proofs of Claim may involve General Unsecured Claims. Such claims require cooperation between the Reorganized Debtors and the Litigation Trustee. In addition, in order to make efficient use of the Litigation Trust Proceeds, the Litigation Trustee is first implementing and pursuing its litigation strategy to pursue the Litigation Trust Causes of Action aimed at providing value to holders of General Unsecured Claims. The Litigation Trustee intends to focus his energy on generating value for holders of General

7

Unsecured Claims before engaging in a comprehensive reconciliation of General Unsecured Claims that may otherwise prematurely deplete Litigation Trust Proceeds.

25. Extending the Claim Objection Deadline by one-hundred eighty (180) days will inure to the benefit of all parties in interest and will not prejudice any creditor in these chapter 11 cases. An extension will provide the Reorganized Debtors with opportunity to identify, review, and analyze the Proofs of Claim, determine the validity of each Proof of Claim, discharge their duties to creditors, and make the appropriate determination as to how to proceed with respect to disputed Proofs of Claim. The Reorganized Debtors and Litigation Trustee submit it would be a waste of resources to prematurely file objections to Proofs of Claim while these efforts are ongoing.

**Notice**

26. Notice of this Motion will be provided in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (Case No. 19-11811, ECF No. 120) (the "**Case Management Order**"). The Reorganized Debtors and Litigation Trustee respectfully submit that no further notice is required.

27. No previous request for the relief sought herein has been made by the Reorganized Debtors or the Litigation Trustee to this or any other Court.

WHEREFORE the Reorganized Debtors and Litigation Trustee respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: June 21, 2022
      New York, New York

/s/ *Sunny Singh*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Sunny Singh

*Attorneys for Reorganized Debtors*


/s/ *Cathy Hershcopf*
COOLEY LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Cathy Hershcopf
Paul J. Springer

*Attorneys for Litigation Trustee*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| FUSION TELECOM, LLC[1] | : | Case No. 19-11824 (DSJ) |
|  | : |  |
| Reorganized Debtor. | : |  |
|  | : |  |

## ORDER GRANTING FIFTH JOINT MOTION OF REORGANIZED DEBTORS AND LITIGATION TRUSTEE FOR EXTENSION OF DEADLINE UNDER PLAN OF REORGANIZATION TO OBJECT TO CLAIMS

Upon the joint motion dated June 21, 2022 (the "**Motion**")[2] of Fusion Connect, Inc. and its reorganized debtor subsidiaries (collectively, the "**Reorganized Debtors**") and the litigation trustee appointed pursuant to the Plan (the "**Litigation Trustee**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order extending the Claim Objection Deadline by one-hundred eighty (180) days, through and including January 5, 2023, without prejudice to the ability of the Reorganized Debtors or Litigation Trustee to request further extensions, all as more fully set forth in the Motion; and the Court having jurisdiction to

---

[1] The last four digits of the Reorganized Debtor's federal tax identification number is (0894). The Reorganized Debtor's corporate headquarters and service address is 210 Interstate North Parkway, Suite 200, Atlanta, Georgia 30339. The chapter 11 cases of the Reorganized Debtor and its following affiliates were closed effective as of June 25, 2021: Fusion Connect, Inc. (2021); Fusion BCHI Acquisition LLC (7402); Fusion NBS Acquisition Corp. (4332); Fusion LLC (0994); Fusion MPHC Holding Corporation (3066); Fusion MPHC Group, Inc. (1529); Fusion Cloud Company LLC (5568); Fusion Cloud Services, LLC (3012); Fusion CB Holdings, Inc. (6526); Fusion Communications, LLC (8337); Fusion Texas Holdings, Inc. (2636); Fusion Telecom of Kansas, LLC (0075); Fusion Telecom of Oklahoma, LLC (3260); Fusion Telecom of Missouri, LLC (5329); Fusion Telecom of Texas Ltd., L.L.P. (8531); Bircan Holdings, LLC (2819); and Fusion Management Services LLC (5597). The chapter 11 case of Fusion PM Holdings, Inc. was closed effective June 8, 2022, and the chapter 11 case of the Reorganized Debtor was reopened effective June 8, 2022. Commencing on June 8, 2022, all motions, notices and other pleadings relating to any of the Reorganized Debtors shall be filed in Case No. 19-11824 (DSJ).

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion, the Confirmation Order, or the *Third Amended Joint Chapter 11 Plan of Fusion Connect, Inc. and Its Subsidiary Debtors* (the "**Plan**") (ECF No. 648), as applicable.

2

consider the motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the notice parties in accordance with the Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the motion is in the best interests of the Reorganized Debtors, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. The Claim Objection Deadline is hereby extended for a period of one-hundred eighty (180) days, through and including January 5, 2023.

3. This Order is without prejudice to the rights of the Reorganized Debtors and Litigation Trustee to request further extensions of the Claim Objection Deadline.

4. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2022
      New York, New York

                                                THE HONORABLE DAVID S. JONES
                                                UNITED STATES BANKRUPTCY JUDGE